### COMMONWEALTH *vs.* CHARLES L. JEFFTS.

Proceedings before a police court, of which there are a standing justice and a special justice, may be certified by the standing justice as "justice" simply, and are presumed, in the absence of evidence to the contrary, to have been had before him.

COMPLAINT to the police court of Springfield for an unlawful sale of intoxicating liquor.   The jurat to the complaint, the warrant, and the record of the proceedings before that court, were each signed by "James H. Morton, Justice," without stating whether he was standing justice or special justice, or showing before which justice of that court the trial was had, or by which justice the sentence was passed.   And for this cause the defendant, after appeal to the December term 1858 of the court of common pleas, and conviction there, moved in arrest of judgment.   *Aiken*, J. overruled the motion, and the defendant alleged exceptions.

*E. W. Bond*, for the defendant, cited *St.* 1852, *c.* 94, §§ 22–30.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J.   This motion in arrest must be overruled.   The signature of James H. Morton, the standing justice, was duly annexed to the papers without appending to the same the term "standing" justice.   Such justice is properly described as jus·

tice of the police court. He is usually so designated in the provisions of the act creating the police court. The record is in all respects correct. In the absence of anything appearing to show the contrary, the trial is taken to have been before the standing justice.          .          *Exceptions overruled.*